IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-44 |
| | ) | |
| STEPHEN KOPROWSKI | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motions to file additional motions [doc. 31, to dismiss his appointed attorney [doc. 32], and for appointment of a new attorney [doc. 33]. For the reasons stated below, the defendant's motions will be denied.

In April 2006, this defendant pled guilty to a one-count information charging him with possession with the intent to distribute marijuana. Shortly thereafter, the defendant asked for and was given a new appointed lawyer, who filed objections to the presentence report along with a well-done memorandum of law. The government has responded to the objections, and the probation officer has submitted his comments. Thus, the objections are ready to be considered by

the court at the defendant's sentencing hearing on May 7, 2007. The revocation of the defendant's supervised release also will be considered at the hearing.

In spite of having a competent defense lawyer, the docket reveals that the defendant has repeatedly filed *pro se* pleadings with the court and called the judge's chambers, all the while asserting that his rights would be violated unless the court did as he wished. In fact, Judge Jarvis eventually ordered the defendant to refrain from such conduct "absent the most compelling and unusual circumstances." *See* doc. 23.

The defendant now argues that his attorney's alleged ineffective assistance demonstrates such compelling and unusual circumstances. He is upset because in his opinion his attorney has not adequately responded to over 250 requests for records and research. This, however, does not necessarily lead to the conclusion that his attorney has been ineffective. Rather, it merely demonstrates that his attorney has been besieged with repetitive requests by the defendant. An attorney has no obligation to respond to every whim of a defendant, let alone over 250 of them.

The court disagrees with the defendant's assertions concerning his attorney. In this court's view, the defendant's attorney has done all that would be required of him up to this point, and expects no less at the up-coming sentencing/revocation hearing. The court and the defendant's attorney are well aware of a criminal defendant's Sixth Amendment rights to effective

representation and will do all that is reasonably required to see that the defendant's rights are protected.

For these reasons, the defendant's *pro se* motions are **DENIED**.

ENTER:

<u>     *s/ Leon Jordan*     </u>
United States District Judge